IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| DEBRA F. MEADOWS | : | |
| v. | : | Civil Action No. DKC 16-2897 |
| CHARLES COUNTY SCHOOL BOARD OF EDUCATION, et al. | : | |

**MEMORANDUM OPINION**

Presently pending and ready for resolution in this employment discrimination case are a motion to dismiss filed by Defendant Helen E. Keller (ECF No. 22); a motion for summary judgment by Defendant Charles County Board of Education ("Charles County Schools" or the "Board") (ECF No. 48); and two papers filed by Plaintiff Debra Meadows ("Plaintiff") (ECF Nos. 52; 62) that appear to be motions for leave to amend her complaint.[1] The issues have been briefed, and the court now rules, no hearing being deemed necessary. Local Rule 105.6. For the following reasons, Ms. Keller's motion will be granted, the Board's motion will be granted, and both of Plaintiff's motions will be denied.

[1] Although the clerk did not docket these papers as motions for leave to amend, they will be construed as such based on their content. Indeed, the Board understood at least one of the papers to be a motion for leave to amend and responded in opposition to it. (ECF No. 54).

## I. Background[2]

The allegations in Plaintiff's complaint are not entirely clear. Plaintiff began working for Keller Transportation, Inc. ("KTI"), a bus company that has a contract with Charles County Schools, in 2011. (ECF No. 1, at 7). Plaintiff lives in subsidized federal housing with her children. (*Id.*). She suffers from dyslexia. (*Id.* at 8).

When Plaintiff filed her taxes in early 2015, she discovered several problems. (*Id.* at 7). First, she found out that she was categorized an independent contractor and sought to correct the Board's employment records to reflect that she was an employee of Charles County Schools. Second, she found that KTI's human resources department had classified her and her son as "border and migrant workers." (*Id.*). Third, she discovered that KTI had reported her income as being "extremely high," too high for her subsidized housing. (*Id.*). This discrepancy led to Plaintiff and her nine-year-old daughter being assigned a $500,000.00 debt. When the new school year started later in 2015, Plaintiff was given no vacation or sick leave for her position. When Plaintiff was on workers' compensation leave in November 2015, KTI told Plaintiff that she should contact the unemployment benefits office. That office, however, informed

[2] Unless otherwise noted, the facts outlined here are set forth in the complaint and construed in the light most favorable to Plaintiff.

her that KTI had not reported her employment with the company and that she was not entitled to any unemployment benefits.

## II. Procedural History

Plaintiff filed a charge with the Equal Employment Opportunity Commission ("EEOC") on June 2, 2016, and the EEOC issued her a right to sue notice on June 15. (ECF No. 1, at 6). She filed this suit on August 18 against Ms. Keller, KTI, the Board, and "Keller Jr[.] Keller III Ernest Bus Service Inc.," alleging ongoing discrimination on the basis of her religion, national origin, and disability in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e, *et seq.*, and the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, *et seq*. (*Id.* at 2-5).[3] She also alleged that Defendants retaliated against her in violation of Title VII. (*Id.* at 5).

A schedule was set and discovery began (ECF No. 27), but the parties have had numerous discovery disputes. Magistrate Judge Timothy J. Sullivan was assigned to the case on December 19, 2016 (ECF No. 29), and continues to supervise the discovery issues between the parties. Plaintiff has recently filed an

[3] As discussed below, the identity of the fourth defendant in this case is unclear, but it appears this defendant has not yet been served. (ECF No. 10).

interlocutory appeal based on one of Judge Sullivan's decisions. (ECF No. 64).[4]

On November 23, Ms. Keller moved to dismiss all claims against her. (ECF No. 22). Plaintiff was provided with a *Roseboro* notice (ECF No. 24), which advised her of the pendency of the motion to dismiss and her entitlement to respond within seventeen days from the date of the letter. *See Roseboro v. Garrison*, 528 F.2d 309, 310 (4th Cir. 1975). Plaintiff responded on December 5 (ECF No. 26) and filed a supplement to her response on March 6, 2017 (ECF No. 50). The Board filed its pending motion for summary judgment on March 1, 2017. (ECF No.

---

[4] "[W]hile the filing of a notice of appeal 'confers jurisdiction on the court of appeals and divests the district court of control over those aspects of the case involved in the appeal[,]'" the district court does not lose jurisdiction when a litigant appeals an unappealable order. *United States v. Jones*, 367 F.App'x 482, 484 (4th Cir. 2010) (quoting *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982)); *accord* 16A Charles Alan Wright, Arthur Miller, *et al.*, Federal Practice and Procedure § 3949.1 (4th ed. 2017) ("The weight of authority holds that an appeal from a clearly non-appealable order fails to oust district court authority; older cases holding to the contrary have been rejected." (footnotes omitted)). Although the precise nature of Plaintiff's appeal is not clear, it appears that Plaintiff appealed a non-final order and did not seek a certificate of appealability. *See United States v. Hinton*, 420 F.App'x 270, 270 (4th Cir. 2011) (dismissing appeal where denial of motion for recusal was "neither a final order nor an appealable interlocutory or collateral order"); *Poux v. FCI Bennettsville SC*, 418 F.App'x 157, 157 (4th Cir. 2011) (dismissing appeal of order staying discovery); *Stephens v. Muncy*, 918 F.2d 174 (4th Cir. 1990) (dismissing appeal of order granting leave to file motion to dismiss). Accordingly, the court retains jurisdiction over the case and may resolve the pending motions.

48). Plaintiff was provided a *Roseboro* notice for the Board's motion (ECF No. 49), and she responded on March 13 (ECF No. 51). Plaintiff filed her pending motions on March 28 and April 26. (ECF Nos. 52; 62).

## III. Plaintiff's Motions to Amend

### A. Standard of Review

A party may amend its pleading once as a matter of course within twenty-one days after serving it or within twenty-one days after service of a motion under Fed.R.Civ.P. 12(b), whichever is earlier. Fed.R.Civ.P. 15(a)(1). When the right to amend as a matter of course expires, "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed.R.Civ.P. 15(a)(2). Whether to grant leave to amend is a matter left to the discretion of the district court, *see Simmons v. United Mortg. & Loan Inv., LLC*, 634 F.3d 754, 769 (4th Cir. 2011), though courts should "freely give leave when justice so requires," Fed.R.Civ.P. 15(a)(2). Denial of leave to amend is appropriate "only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile." *Edwards v. City of Goldsboro*, 178 F.3d 231, 242 (4th Cir. 1999) (emphasis in original) (quoting *Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 509 (4th Cir. 1986)). Generally, *pro se* pleadings are liberally construed and held to a less stringent standard

than pleadings drafted by lawyers. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)); *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

**B. Analysis**

Plaintiff has submitted two papers – one labeled a "Memorandum to Amend and Correct" and the other labeled a "Rule 2-341. Rule -341 Amending and Pleading to Correct in Plaintiff Defen[ses]" – that appear to be efforts to amend her complaint. (ECF Nos. 52; 62).[5] In these papers, Plaintiff provides additional facts related to her existing Title VII and ADA claims. She also mentions numerous new allegations of violations of other federal laws, including the Freedom of Information Act, 5 U.S.C. § 552; the Economic Espionage Act, 18 U.S.C. §§ 1831-1839; the Privacy Act, 5 U.S.C. § 552a; mail fraud statutes, 18 U.S.C. §§ 1341, 1346; the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1691, *et seq.*; conspiracy to defraud the government; § 1981; § 1983; and multiple provisions of the federal tax code.

Charles County Schools responded in opposition to one of Plaintiff's motions. (ECF No. 54). The Board argued that Plaintiff should not be allowed to amend her complaint because

[5] Rule 2-341 appears to be a citation to Maryland state rules of civil procedure, which do not apply in federal court.

her proposed changes would be futile and because she failed to comply with Local Rule 103.6. (ECF No. 54-1, at 2-4).

Local Rule 103.6(a) requires that a plaintiff submit an "original of the proposed amended pleading" separately from her motion for leave to amend. Local Rule 103.6(c) states that the moving party "shall file and serve (1) a clean copy of the amended pleading and (2) a copy of the amended pleading in which stricken material has been lined through or enclosed in brackets and new material has been underlined or set forth in bold-faced type." Local Rule 103.6(d) mandates that a plaintiff seeking leave to amend shall first "attempt to obtain the consent of other counsel" and shall "state in the motion whether the consent of the other counsel has been obtained."

In a number of respects, Plaintiff's motions for leave to amend fail to adhere to the requirements of the Local Rules. In both papers, Plaintiff simply provided a single document with new allegations. Additionally, Plaintiff failed to attach red-line versions comparing her original complaint with her amended ones. Plaintiff's motions also did not state whether any Defendants had consented to the amended pleadings, and the Board avers that Plaintiff did not attempt to obtain its consent.

Failure to comply strictly with the dictates of Local Rule 103.6 by itself is not fatal to Plaintiff's motion for leave to amend, especially in light of her *pro se* status. *See Milligan*

*v. Brady*, No. RWT–10–2107, 2011 WL 1833346, at *1 n.1 (D.Md. May 13, 2011) ("As a *pro se* litigant, [the plaintiff's] failure to comply with Local Rule 103.6 is not fatal to her request for leave to amend, and the Court concludes that her filing contains sufficient information to consider her request without additional briefing."); *see also Awah v. Bd. of Educ. of Balt. Cty.*, No. WMN–09–1044, 2010 WL 1929908, at *2 (D.Md. May 11, 2010) (refusing to deny *pro se* plaintiff's motion to amend on the ground that he had not filed a red-line copy where there was no prejudice to defendant). However, compliance with the Local Rules is not optional. *Hollingsworth v. Perry*, 558 U.S. 183, 191 (2010) (noting that local rules "have the force of law"); Fed.R.Civ.P. 83(a)(1). The rules pertaining to amendments, for instance, help ensure that the court has available all the information it needs to determine whether leave can be appropriately granted. As such, even *pro se* litigants must follow them. *See Cmty. Connections, Inc. v. Parker*, No. RWT-07-3282, 2010 WL 148332, at *2 (D.Md. Jan. 12, 2010) ("The Court can neither act as counsel for a *pro se* litigant nor excuse a *pro se* litigant's failure to comply with the Federal Rules of Civil Procedure, the Local Rules, or the orders of this Court due to ignorance of the law.").

Additionally, as noted above, Plaintiff's papers include a large number of new allegations and cite to a wide variety of

federal statutes. If Plaintiff's papers were construed as amended complaints, they would suffer from some notable deficiencies. First, neither satisfies federal procedural standards that call for claims to be set forth "in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed.R.Civ.P. 10(b). Second, and more importantly, Plaintiff's allegations are overwhelmingly unclear. It is well-settled law that complaint allegations must "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 512 (2002) (internal quotation marks omitted). Although Plaintiff need only satisfy the standard of Fed.R.Civ.P. 8(a), which requires a "short and plain statement of the claim showing that the pleader is entitled to relief," Fed.R.Civ.P. 8(a)(2), she must provide factual allegations sufficient to support her legal conclusions. *United Black Firefighters v. Hirst*, 604 F.2d 844, 847 (4th Cir. 1979); *see also Francis v. Giacomelli*, 588 F.3d 186, 192 (4th Cir. 2009). Even after affording the papers a generous construction, the court cannot determine the precise nature of Plaintiff's new claims.

Therefore, Plaintiff's presently pending motions will be denied. If Plaintiff wishes to allege new facts or add new claims, she must resubmit a motion that complies with the

Federal Rules of Civil Procedure and the Local Rules. She is advised that her complaint should: (1) clearly and separately identify each law that she alleges a defendant has violated; (2) identify which defendant has violated each law; (3) describe how each defendant violated each law; and (4) explain how those violations give her a cause of action against each defendant – that is, explain why she has a right to sue the defendant for each legal violation.

Finally, there is some uncertainty as to whether all defendants in this case have been properly identified. Given their responsive pleadings and motions, it is clear that Ms. Keller, KTI, and the Board have been adequately named and effectively served. It is unclear whether Plaintiff intended to file suit against any other defendants. The fourth defendant on the docket, "Keller III Bus Service Incorporated," appears to be a division of KTI.[6] Keller Bus Service thus need not, and cannot, be sued separately from KTI. Therefore, Plaintiff will

[6] Maryland corporations can be identified using the State Department of Assessments and Taxation ("SDAT") website: http://dat.maryland.gov/Pages/default.aspx. There are no SDAT records for "Keller III Bus Service Incorporated." The website lists "Keller Bus Service, Inc." as having forfeited its corporate status in 1992. In a more recent document provided by Plaintiff, Keller Bus Service is identified as a division of KTI. (*See* ECF No. 21-1, at 12).

be directed to show cause why this fourth defendant should not be dismissed.[7]

## IV. Defendants' Motions

### A. Standard of Review

As noted above, Ms. Keller and the Board have both filed dispositive motions as to the claims currently filed against them. (ECF Nos. 22; 48). Their arguments implicate multiple standards of review. Ms. Keller moves to dismiss because Plaintiff failed to exhaust administrative remedies, an argument that is analyzed under Fed.R.Civ.P. 12(b)(1) because it could deprive this court of jurisdiction to hear Plaintiff's claims. *See Balas v. Huntington Ingalls Indus, Inc.*, 711 F.3d 401, 406 (4th Cir. 2013); *Onuoha v. Grafton School*, 182 F.Supp.2d 473, 481 (D.Md. 2002). Generally, "questions of subject matter jurisdiction must be decided 'first, because they concern the court's very power to hear the case.'" *Owens-Illinois, Inc. v. Meade*, 186 F.3d 435, 442 n.4 (4th Cir. 1999) (quoting 2 James Moore, *et al.*, Moore's Federal Practice § 12.301 (3d ed. 1998)). The plaintiff always bears the burden of demonstrating that subject matter jurisdiction properly exists in federal court.

---

[7] Plaintiff's summonses also identified Ernest Keller, Jr. and Ernest Keller, III as defendants (ECF No. 6), though neither was named individually in the complaint. It appears that Plaintiff named these individuals on the summonses as agents for KTI or Keller Bus Service. Accordingly, Plaintiff will also be directed to notify the court if she intended to sue either or both of these persons.

*See Evans v. B.F. Perkins Co., a Div. of Standex Int'l Corp.*, 166 F.3d 642, 647 (4th Cir. 1999). In a Fed.R.Civ.P. 12(b)(1) motion, the court "is to regard the pleadings as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." *Richmond, Fredericksburg & Potomac R.R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991); *see also Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982). Dismissal for lack of subject matter jurisdiction is appropriate "only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law." *Richmond, Fredericksburg & Potomac R.R. Co.*, 945 F.2d at 768 (citation omitted).

As noted above, *pro se* pleadings are liberally construed and held to a less stringent standard. Liberal construction means that the court will read the pleadings to state a valid claim to the extent that it is possible to do so from the facts available; it does not mean that the court should rewrite the complaint to include claims never presented. *Barnett v. Hargett*, 174 F.3d 1128, 1132 (10th Cir. 1999). That is, even when *pro se* litigants are involved, the court cannot ignore a clear failure to allege facts that support a viable claim. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990); *Forquer v. Schlee*, No. RDB–12–969, 2012 WL 6087491, at *3

(D.Md. Dec. 4, 2012) ("[E]ven a *pro se* complaint must be dismissed if it does not allege a plausible claim for relief.").

The Board's motion for summary judgment, which also raises questions of subject matter jurisdiction, is viewed under a different standard. Summary judgment will be granted only if there exists no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law. *See* Fed.R.Civ.P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986); *Emmett v. Johnson*, 532 F.3d 291, 297 (4th Cir. 2008). A dispute about a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Liberty Lobby*, 477 U.S. at 249. In undertaking this inquiry, a court must view the facts and the reasonable inferences drawn therefrom "in the light most favorable to the party opposing the motion," *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587 (1986) (quoting *United States v. Diebold, Inc.,* 369 U.S. 654, 655 (1962)); *see also EEOC v. Navy Fed. Credit Union,* 424 F.3d 397, 405 (4th Cir. 2005), but a "party cannot create a genuine dispute of material fact through mere speculation or compilation of inferences," *Shin v. Shalala,* 166 F.Supp.2d 373, 375 (D.Md. 2001) (citation omitted). To prevail on a motion for summary judgment, the moving party generally bears the burden of showing

that there is no genuine dispute as to any material fact. On issues for which the nonmoving party has the burden of proof, such as subject matter jurisdiction here, however, it is her responsibility to confront the summary judgment motion with an "affidavit or other evidentiary showing" demonstrating that there is a genuine issue for trial. *See Ross v. Early*, 899 F.Supp.2d 415, 420 (D.Md. 2012), *aff'd*, 746 F.3d 546 (4th Cir. 2014).

**B. Analysis**

Both Ms. Keller and the Board support their motions on the basis that Plaintiff failed to exhaust her administrative remedies as to any claims against them because they were not named in Plaintiff's EEOC complaint. (ECF No. 22-1, at 8). Typically, "[t]he scope of the plaintiff's right to file a federal lawsuit is determined by the charge's contents[, and] [o]nly those discrimination claims stated in the initial charge, those reasonably related to the original complaint, and those developed by reasonable investigation of the original complaint may be maintained in a subsequent Title VII lawsuit." *Jones v. Calvert Group, Ltd.*, 551 F.3d 297, 300 (4th Cir. 2009). "[A] civil action may be brought after administrative proceedings have ended or conciliation attempts have failed only 'against the respondent named in the [administrative] charge.'" *Alvarado v. Bd. of Trs. of Montgomery Cmty. Coll.*, 848 F.2d 457, 458 (4th

Cir. 1988) (alterations in original) (quoting 42 U.S.C. § 2000e-5(f)(1)); *accord Causey v. Balog*, 162 F.3d 795, 800 (4th Cir. 1998). The naming requirement "is not a mere technicality." *Alvarado*, 848 F.2d at 458. It is necessary because it both "notifies the charged party of the asserted violation" and "brings the charged party before the EEOC[,] permit[ting] effectuation the Act's primary goal, the securing of voluntary compliance with the law." *Id.* at 458-59.

Here, Plaintiff filed her EEOC complaint only against KTI. (ECF No. 22-2, at 2). In Plaintiff's responses to each of the pending motions, she argues that KTI, Ms. Keller, and the Board "are incorporated as one body." (ECF No. 26, at 3; *see also* ECF No. 51, at 11). Although a plaintiff's failure to name a party within an EEOC charge ordinarily would prohibit suit against that party for failure to exhaust administrative remedies, some courts have recognized the "substantial identity" exception to the naming rule, whereby a plaintiff may bring suit against a defendant unnamed in an EEOC charge. *See, e.g.*, *Sedlacek v. Hach*, 752 F.2d 333, 334–36 (8th Cir. 1985); *Romero v. Union Pac. R.R.*, 615 F.2d 1303, 1311 (10th Cir. 1980). Although the United States Court of Appeals for the Fourth Circuit has not explicitly adopted the "substantial identity" exception, it has cited the exception with approval in dicta. *See Alvarado*, 848 F.2d at 461 (finding it unnecessary to apply the exception in

the case *sub judice*, but citing district court decisions within the Fourth Circuit that have applied it); *EEOC v. Am. Nat'l Bank*, 652 F.2d 1176, 1186 n.5 (4th Cir. 1981) (reasoning that jurisdiction is proper "where it is clear that the defendant through some relationship with the named respondent had notice of the charges and participated in the conciliation process"). To determine whether substantial identity exists between two entities, the court should consider: "(1) similarity of interests between named and unnamed parties; (2) ability of the plaintiff to ascertain the unnamed party at the time of the EEOC charge; (3) notice of the EEOC charge by the unnamed party; and (4) prejudice." *Zhang v. Sci. & Tech. Corp.*, 332 F.Supp.2d 864, 867 (D.Md. 2004) (citing *Thomas v. BET Sound–Stage Rest./BrettCo, Inc.*, 61 F.Supp.2d 448, 457–58 (D.Md. 1999)).

Even if Plaintiff's responses are construed to argue substantial identity among KTI, Ms. Keller, and the Board, these arguments fail. Charles County Schools, a public educational entity, clearly has very limited similarity of interests with KTI, one of its contractors focused solely on transportation. Plaintiff offers no explanation as to why she could not have identified Charles County Schools in her EEOC complaint, and the Board has provided unrefuted affidavit evidence that it was not made aware of Plaintiff's EEOC complaint against KTI until Plaintiff filed this suit. (ECF No. 48-2 ¶ 8). Although Ms.

Keller, as owner of KTI, could be expected to have some similarity of interests with that business entity and is more likely than the Board to have been made aware of the EEOC charge, neither is conclusive. The complaint does not indicate that Ms. Keller was actually notified of the charge. Importantly, Ms. Keller's individual interests likely would differ from the interests of a corporate entity she owns, especially where, as here, the governing statutes distinguish between individual and employer conduct.[8] As with the Board,

[8] Title VII and the ADA "do not provide for causes of action against defendants in their individual capacities." *Jones v. Sternheimer*, 387 F.App'x 366, 368 (4th Cir. 2010) (citing *Baird ex rel. Baird v. Rose*, 192 F.3d 462, 472 (4th Cir. 1999)); *Lissau v. S. Food Serv., Inc.*, 159 F.3d 177, 180 (4th Cir. 1998) ("[S]upervisors are not liable in their individual capacities for Title VII violations."). Limited individual liability is one of the key legal benefits of incorporation. Courts have occasionally considered a corporate entity and its owner a single integrated entity for Title VII purposes, but "[s]uch situations are the exception," and "limited liability remains the rule." *See Johnson v. Flowers Indus.*, 814 F.2d 978, 981 (4th Cir. 1987). To the degree that Plaintiff argues in her response to the motion that Ms. Keller and KTI are a single entity, she fails to plead facts that would support considering Ms. Keller her employer. *See Johnson*, 814 F.2d at 982 ("One-hundred percent ownership and identity of directors and officers are, even together, an insufficient basis for applying an alter ego theory to pierce the corporate veil."); *see also Wood v. S. Bell Tel. & Tel. Co.*, 725 F.Supp. 1244, 1249 (N.D.Ga. 1989) (finding that the "existence of a parent-subsidiary relationship is not enough to impose liability on the parent" because corporate ownership encompasses certain rights to control the corporation, "such as the right to choose directions and set general policies, without forfeiting the protection of limited liability" (citing *Baker v. Raymond Int'l, Inc.*, 656 F.2d 173, 180 (5th Cir. 1981))). For the forgoing reasons, even if Plaintiff had exhausted her administrative remedies, Ms.

Plaintiff was able to identify Ms. Keller at the time of her EEOC charge, yet chose not to include her. Accordingly, neither the Board nor Ms. Keller have substantial identity with KTI, and Plaintiff has failed to exhaust her administrative remedies as to her claims against both parties. Both motions will therefore be granted.[9]

## V. Conclusion

For the foregoing reasons, the motion to dismiss filed by Defendant Helen E. Keller will be granted, the motion for summary judgment filed by Defendant Charles County, Board of Education will be granted, and Plaintiff's motions to amend will be denied. A separate order will follow.

/s/
DEBORAH K. CHASANOW
United States District Judge

Keller's motion to dismiss would be granted on the ground that she does not qualify as Plaintiff's employer under the relevant statutes.

[9] Because Plaintiff's failure to exhaust administrative remedies as to Ms. Keller and the Board precludes subject matter jurisdiction over the current claims against them, the parties' other arguments as to the merits are not considered in this opinion.