IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

DEBRA F. MEADOWS                       :

    v.                               :     Civil Action No. DKC 16-2897

CHARLES COUNTY SCHOOL BOARD OF
EDUCATION, et al.                      :

**MEMORANDUM OPINION**

Presently pending and ready for resolution in this employment case is the motion to dismiss for lack of subject matter jurisdiction, for summary judgment, and for judgment on the pleadings filed by Defendant Keller Transportation, Inc. ("Defendant"). (ECF No. 75). The issues have been briefed, and the court now rules, no hearing being deemed necessary. Local Rule 105.6. For the following reasons, the motion will be granted.

**I. Background**

    **A. Factual Background[1]**

Plaintiff's complaint is not a model of clarity. Plaintiff lives in federally subsidized housing with her children, started working for Defendant in 2011, and suffers from dyslexia. (ECF No. 1, at 7-8). Although not stated in the complaint, she stated in the EEOC charge that she is Jewish. (ECF No. 75-5).

---

[1] Unless otherwise noted, the facts outlined here are set forth in the complaint and construed in the light most favorable to Plaintiff.

Plaintiff alleges that Defendant changed her status from employee to independent contractor for the purposes of her 2015 tax refund. Plaintiff further alleges that she incurred a debt related to her housing after Defendant misreported her income and misclassified her and her daughter as "border[s] and migrant workers." (ECF No. 1, at 7). She also alleges that Defendant did not give her vacation leave or sick leave and refused to pay her for work she had done during the 2015 school year. She alleges that Defendant put her in a "group [i]nsurance [p]ool[.]" (*Id.*).

On March 26, 2015, Plaintiff contacted her Congressman to explain the problem she was having with her taxes. (ECF No. 1-1, at 6-7). Plaintiff was injured on November 2, 2015, and she quit working for Defendant on February 26, 2016. (ECF No. 1, at 7-8).

**B.   Procedural History**

Plaintiff filed a charge with the Equal Employment Opportunity Commission ("EEOC") on June 2, 2016, alleging that her former employer, Keller Transportation, Inc., discriminated against her on the basis of religion, national origin, and disability when it changed the way it deducted taxes from her paycheck, did not compensate her for time worked, and denied her leave. (ECF No. 75-5). The EEOC issued her a right to sue notice on June 15. (ECF No. 1, at 6). Plaintiff filed suit on

August 18 against Defendant, Helen Keller, the Charles County Board of Education (the "Board"), and "Keller Jr[.] Keller III Ernest Bus Service Inc.," alleging discrimination on the basis of disability, religion, and national origin in violation of Title VII of the Civil Rights Act of 1964 ("Title VII), 42 U.S.C. § 2000e, *et seq.*, and the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12112, *et seq*. Plaintiff also alleged retaliation. (*Id.* at 5).

On November 23, Ms. Keller moved to dismiss all claims against her. (ECF No. 22). The Board moved for summary judgment on March 1, 2017. (ECF No. 48). On June 16, the court granted Ms. Keller's motion to dismiss and the Board's motion for summary judgment. (ECF No. 67). Because "Keller Jr[.] Keller III Ernest Bus Service Inc." was never properly identified and served by Plaintiff, it was dismissed on July 6. (ECF No. 70). After discovery closed, Keller Transportation, Inc., the only remaining defendant, moved to dismiss for lack of subject matter jurisdiction, for summary judgment, or for judgment on the pleadings on August 21. (ECF No. 75). Plaintiff has not responded, despite receiving notice of the opportunity and necessity to respond. (ECF No. 76); *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975).

**II. Motion to dismiss for lack of subject matter jurisdiction**

   **A.   Standard of Review**

Motions to dismiss for lack of subject matter jurisdiction are governed by Fed.R.Civ.P. 12(b)(1). The plaintiff bears the burden of proving that subject matter jurisdiction properly exists in the federal court. *See Evans v. B.F. Perkins Co., a Div. of Standex Int'l Corp.*, 166 F.3d 642, 647 (4th Cir. 1999). In a 12(b)(1) motion, the court "may consider evidence outside the pleadings" to help determine whether it has jurisdiction over the case before it. *Richmond, Fredericksburg & Potomac R.R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991); *see also Evans*, 166 F.3d at 647. The court should grant the 12(b)(1) motion "only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law." *Richmond*, 945 F.2d at 768.

   **B.   Analysis**

Defendant first argues that this court lacks subject matter jurisdiction because many of Plaintiff's claims exceed the scope of the EEOC charge. (ECF No. 75-1, at 9-11). Although courts have occasionally mislabeled the requirement that a Title VII complaint not exceed the scope of an EEOC charge as a procedural bar, *see, e.g., Balas v. Huntington Ingalls Indus., Inc.*, 711 F.3d 401, 407 (4th Cir. 2013)(*quoting Chacko v. Patuxent Inst.*, 429 F.3d 505, 506 (4th Cir. 2005) and *Dennis v. Cnty of Fairfax*,

55 F.3d 151, 156 (4th Cir. 1995), the scope of the EEOC charge is a jurisdictional bar. *See, e.g., Jones v. Calvert Grp., Ltd.*, 551 F.3d 297, 300 (4th Cir. 2009) ("Importantly, a failure by the plaintiff to exhaust administrative remedies concerning a Title VII claim deprives the federal courts of subject matter jurisdiction over the claim."); *Bryant v. Bell Atl. Md., Inc.*, 288 F.3d 124, 133 (4th Cir. 2002) ("Therefore, because the scope of Bryant's complaint exceeds the limits set by the allegations of Bryant's administrative complaint, we cannot analyze the merits of Bryant's retaliation or color and sex discrimination claims."). An EEOC charge, however, "does not *strictly* limit a Title VII suit which may follow." *Chisholm v. United States Postal Serv.*, 665 F.2d 482, 491 (4th Cir. 1981) (emphasis added).

An EEOC "charge[] must be construed with utmost liberality since they are made by those unschooled in the technicalities of formal pleading," *Alvarado v. Bd. of Trs. of Montgomery Cmty. Coll.*, 848 F.2d 457, 460 (4th Cir. 1988) (quoting *Kaplan v. Int'l Alliance of Theatrical & Stage Emps.*, 525 F.2d 1354, 1359 (9th Cir. 1975)), and it exhausts not only those facts contained in the charge but also all factual allegations that "a reasonable investigation of [the] administrative charge would have uncovered[.]" *Chacko v. Patuxent Inst.*, 429 F.3d at 512. The United States Court of Appeals for the Fourth Circuit has found that a reasonable investigation would uncover additional facts,

5

not identified in the original charge, related to the subject matter of the original charge. *See Chishom*, 665 F.2d at 491 ("The allegation in the administrative complaint that USPS discriminated in promotions sufficed to put USPS on notice that the entire promotional system was being challenged, including aspects of the system such as discipline and testing which were not specifically enumerated in the complaint."). The Fourth Circuit has also found that a reasonable investigation would not uncover a different form of discrimination or types of discriminatory conduct not identified in the initial charge perpetrated by people not identified in the initial charge. *See Chacko*, 429 F.3d at 512 ("[A] reasonable investigation of discrete instances of supervisor misconduct not involving name calling could not be expected to lead to a continuous pattern of nonsupervisory misconduct which did involve name calling."); *Bryant*, 288 F.3d at 133 ("Administrative investigation of retaliation, and color and sex discrimination, however, could not reasonably be expected to occur in light of Bryant's sole charge of race discrimination").

Plaintiff alleged that Defendant discriminated against her when it "stopped taking taxes out of my paycheck, stopped paying for time worked, and stopped giving leave" in her EEOC charge. (ECF No. 75-5, at 2). In her Title VII suit, Plaintiff has alleged, in addition to the claims in her EEOC charge, that she

incurred a housing debt because her employer overreported her income and was placed in a "group [i]nsurance [p]ool." (ECF No. 1, at 8). The claim that Defendant misreported Plaintiff's income to housing authorities does not relate to any actions identified in the EEOC complaint or that a reasonable investigation would have uncovered. This complaint centers on a different action involving a different government agency and therefore is outside the scope of the EEOC charge. Likewise, the claim of being placed in the wrong insurance plan does not have any connection to the facts alleged before the EEOC.[2] Therefore, Plaintiff's discrimination claims related to her insurance plan and housing debt will be dismissed for lack of subject matter jurisdiction.

Plaintiff also brings a claim for retaliation. At times, "a plaintiff may raise the retaliation claim for the first time in federal court." *Nealon v. Stone*, 958 F.2d 584, 590 (4th Cir. 1992). Courts can hear claims of retaliation, even if not brought before the EEOC, when an employee is retaliated against for filing the initial EEOC charge. *Id.* In such a situation, the retaliation claim is reasonably related to the charge.

---

[2] Defendant identifies a possible claim related to pension benefits. The complaint is confusing, but, despite a reference to a pension, the pension issue does not appear to be related to any cause of action. (*See* ECF No. 7-8). If it were, the court would lack subject matter jurisdiction. *See Chacko*, 429 F.3d at 512.

7

*Hentosh v. Old Dominion Univ.*, 767 F.3d 413, 416-17 (4th Cir. 2014). If, however, the retaliation is unrelated to the EEOC charge itself, and arose prior to the filing of the EEOC charge, then a failure to raise the retaliation claim before the EEOC will divest the courts of subject matter jurisdiction. *See Sloop v. Mem'l Mission Hosp., Inc.*, 198 F.3d 147, 149 (4th Cir. 1999).

Plaintiff did not identify retaliation as a basis for her EEOC charge. If she claims that reporting the tax issue to her Congressman was protected activity, and that any retaliatory actions occurred before she left Defendant's employment, then the actions were taken prior to the filing of the EEOC charge, and should have been included in the EEOC charge. Thus, to the extent that Plaintiff intended to raise a retaliation claim based on her letter to the congressman, the claim will be dismissed for lack of subject matter jurisdiction.[3]

**III. Motion for Judgment on the Pleadings**

    **A.    Standard of Review**

Rule 12(c) provides that "[a]fter the pleadings are closed — but early enough not to delay trial — a party may move for judgment on the pleadings." Under the circumstances presented

---

[3] As will be discussed in the next section, if Plaintiff contends that the filing of the EEOC complaint was her protected activity, she fails to identify any potentially retaliatory adverse employment actions and the complaint will be dismissed for failure to state a claim.

here, the motion is governed by the same standard governing motions to dismiss for failure to state a claim under Rule 12(b)(6). *Burbach Broad Co. v. Elkins Radio Corp.*, 278 F.3d 401, 405–06 (4th Cir. 2002).

The purpose of a motion to dismiss under Rule 12(b)(6) is to test the sufficiency of the complaint. *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006). A plaintiff's complaint need only satisfy the standard of Rule 8(a), which requires a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). "Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief." *Bell. Atl. Corp. v. Twombly*, 550 U.S. 544, 556 n. 3 (2007). That showing must consist of more than "a formulaic recitation of the elements of a cause of action" or "naked assertion[s] devoid of further factual enhancement." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citations omitted).

### B. Analysis

As best as can be discerned, Plaintiff is alleging that she was misclassified as an independent contractor instead of an employee and that she was denied sick leave, vacation time, and payment for work performed. (ECF No. 1, at 7-8). She is alleging all this was done in violation of Title VII and the ADA. (*Id.* at 4). Plaintiff is also alleging retaliation.

(*Id.*). Defendant moved for judgment on the pleadings. (ECF No. 75).

To state a plausible claim of discrimination under Title VII and the ADA, Plaintiff must allege facts showing that she was discriminated against. *Coleman v. Md. Court of Appeals*, 626 F.3d 187, 190 (4th Cir. 2010). Here, Plaintiff's complaint contains only a legal claim of discrimination and allegations about disputes between her and her employer. The allegations do not relate to mistreatment due to disability, religion, or nationality, and, therefore, her complaint does not state a plausible claim of discrimination. *See McCleary-Evans v. Md. Dep't of Transp., State Highway Admin*, 780 F.3d 582, 585-86 (4th Cir. 2015); *Haulbrook v. Michelin N. Am.*, 252 F.3d 696, 702 (4th Cir. 2001). Plaintiff's discrimination claims will be dismissed.

To state a plausible claim of retaliation, Plaintiff must allege: "(1) engagement in a protected activity; (2) adverse employment action; and (3) a causal link between the protected activity and the employment action." *Coleman*, 626 F.3d at 190. As noted earlier, Plaintiff has failed to identify any adverse employment action after the filing of her EEOC charge. Therefore, to the extent Plaintiff claims Defendant retaliated against her after she filed the EEOC charge, her claim will be dismissed.

Because Defendant is entitled to judgment on the pleadings, its motion for summary judgment does not need to be addressed.

## IV. Conclusion

For the foregoing reasons, the motion to dismiss for lack of subject matter jurisdiction, for judgment on the pleadings, and for summary judgment filed by Defendant Keller Transportation, Inc. (ECF No. 75) will be granted. A separate order will follow.

                                                           /s/
                                      DEBORAH K. CHASANOW
                                      United States District Judge